# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### ABERDEEN DIVISION

WILLIAMS GRIGGS                                                                   PLAINTIFF

v.                                                                        No. 1:16CV71-GHD-JMV

MARSHALL FISHER, ET AL.                                                          DEFENDANTS

## ORDER DENYING PLAINTIFF'S MOTION
## FOR ALTER OR AMEND JUDGMENT

This matter comes before the court on the plaintiff's motion for reconsideration of the court's August 28, 2017, memorandum opinion and final judgment dismissing the instant case for failure to state a claim upon which relief could be granted. The court dismissed the complaint in this case regarding failure to protect because the plaintiff did not seek protective custody until after he was attacked – after which he was placed on protective custody. The court also dismissed the complaint because one of the defendants was not in a position to recognized danger to the plaintiff or take measures to protect him – because that defendant worked at another prison. The remaining defendants were dismissed, as Mr. Griggs sued them only in their roles as supervisors, which is not a valid claim under 42 U.S.C. § 1983.

The court interprets the instant motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Mr. Griggs argues that he should not have had to request protective custody because his sentencing order recommended protective custody and because he told psychiatric staff and others that he was in danger and wished for protective custody. These allegations do not change the fact that he did not request protective custody, and that, when he did, he was immediately moved to protective custody. Nor do they change the fact that the remaining defendants were involved only based upon their roles as supervisors. Thus, the plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, the plaintiff's request to alter or amend judgment is **DENIED**.

SO ORDERED, this, the _____ day of August, 2018.

_____
SENIOR JUDGE